UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY J. CHARLES,

    Plaintiff,

v().                                               Case No.:   2:24-cv-413-SPC-NPM

AMIRA D. FOX, BILL
PRUMMELL, PATRICK
MULVANEY, DONALD MASON,
CASEY CLOUGH and KATHLEEN
SMITH,

    Defendants.
                                    /

## OPINION AND ORDER

    Before the Court is Plaintiff Whitney J. Charles' Complaint (Doc. 1). Charles is a pretrial detainee in the Charlotte County Jail seeking redress from several government officials under 42 U.S.C. § 1983, and he was granted leave to proceed *in forma pauperis*. The Court must screen the Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

    Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Charles is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

In 2017, Charles was convicted on two felony charges in Charlotte County, Florida.[1] The state court sentenced Charles to four years' imprisonment followed by three years of probation. On June 28, 2022, Charles' probation officer, Patrick Mulvaney, filed an affidavit stating that Charles

---

[1] The Court takes judicial notice of the online docket for *State v. Charles*, Case No. 17-000893F in the 12th Judicial Circuit in and for Charlotte County, Florida.

violated a curfew provision of his probation—specifically, that Charles failed to remain at his residence between 10 p.m. and 6 a.m. Charles was arrested on June 30, 2022, and he remained in jail until December 7, 2022, when the parties entered a Stipulated Motion to Dismiss Warrant and Clarify Sentence. The court granted the motion, dismissed the violation of probation warrant, and clarified that Charles did not have a curfew as part of his probation. While the written probation order included a curfew provision, the trial judge apparently did not orally pronounce it. In Florida, trial judges must orally pronounce special conditions of probation before putting them in a probation order, so the curfew provision was not enforceable. *See Lawson v. State*, 969 So. 2d 222, 227 n.3 (Fla. 2007). Charles was released from jail, though he is now back in and awaiting trial on subsequent alleged probation violations.

Turning to the Complaint, the Court finds that Charles does not state a claim against any defendant. To start, two of the defendants—Judge Donald Mason and State Attorney Amira Fox—are immune. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). Charles' allegations against Mason and Fox relate entirely to their

3

participation in his state criminal proceeding. They are immune from this action.

Charles asserts legal malpractice claims against two public defenders—Kathleen Smith and Casey Clough—for failing to identify the weakness in the state's case sooner. But those claims also fail. To state a § 1983 claim, Charles "must allege that a person acting under color of state law deprived him of a federal right." *McIndoo v. Broward Cnty.*, 750 F. App'x 816, 819 (11th Cir. 2018). State-appointed attorneys are not state actors under § 1983. *Id.* at 820 (citing *Vermont v. Brillon*, 556 U.S. 81 (2009)). Because Smith and Clough are not state actors, Charles cannot sue them under § 1983. Also, claims of legal malpractice arise under state law, not the Constitution, a federal statute, or a United States treaty. So legal malpractice is not actionable under § 1983. Charles should pursue state law claims in state court.

Charles sues Sheriff Bill Prummell for wrongfully detaining Charles in the Charlotte County Jail. But Charles was detained based on a facially valid warrant signed by a judge. Charles does not allege Prummell continued to detain Charles after he should have known Charles was entitled to release. *See Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012) ("in the ordinary case, an officer cannot be expected to question the magistrate's probably-cause determination because it is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a

4

warrant" (cleaned up)). Charles alleges no facts that could overcome the presumption that Prummell acted lawfully, based on a facially valid warrant.

What is more, Charles does not allege Prummell personally participated in his arrest and detention. It is well settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates based on respondeat superior or vicarious liability. *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014). So Charles cannot sue Prummell merely because he heads up the agency that had custody of Charles. Charles must allege that Prummell directly participated in unconstitutional conduct or that a causal connection exists between Prummell's actions and the alleged constitutional violation. *Id.* at 1047-48.

That leaves Mulvaney. Charles alleges—and the state court record confirms—that Mulvaney submitted the violation of probation affidavit that led to Charles' arrest and detention. The Court construes Charles' claim against Mulvaney as one for malicious prosecution. "To prove a § 1983 malicious prosecution claim, a plaintiff must show the following '(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the accused's favor; and (4) caused damage to the plaintiff accused.'" *Sevostiyanova v. Cobb Cnty. of Ga.*, 484 F. App'x 355, 357 (11th Cir. 2012) (quoting *Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003)). Charles' claim against Mulvaney fails on the second

5

element—"with malice and without probable cause." The written probation order includes a curfew provision. Charles alleges no facts suggesting that Mulvaney knew the provision was invalid, or that Mulvaney was motivated by malice.

Because Charles' Complaint fails to state a claim, the Court will dismiss it and give Charles an opportunity to amend. If Charles files an amended complaint, it must comply with Federal Rule of Civil Procedure 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This rule is important. It enables defendants to respond to each factual claim, which alerts the court and the parties to the factual claims that are in dispute. Charles must organize his factual claims into separate, numbered paragraphs.

Accordingly, it is now

**ORDERED:**

Plaintiff Whitney J. Charles' Complaint (Doc. 1) is **DISMISSED without prejudice**. Charles may file an amended complaint by August 2, 2024. **Otherwise, the Court will enter judgment and close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on July 12, 2024.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record